**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRON McKINNEY, SR.,**<br>4345 Trophy Drive<br>Upper Chichester, PA 19061<br><br>Plaintiff,<br><br>v.<br><br>**MARSHALL MITCHELL**<br>337 N. Salford Street, No. 2<br>Philadelphia, PA 19139<br><br>**M. ADRIAN KING**<br>2707 Kinsington Circle<br>Weston, FL 33332<br><br>**HOLY SMOKE INVESTMENT GROUP, LLC**<br>2707 Kinsington Circle<br>Weston, FL 33332<br><br>**CHEYNEY LINCOLN PARTNERS LLC**<br>7571 Vanessa Drive<br>Pueblo, CO 81005<br><br>Defendants. | : | Civil Action No. _______ |

**COMPLAINT**

Plaintiff Darron McKinney, Sr. ("Plaintiff" or "Mr. McKinney"), by and through undersigned counsel, files this Complaint against Defendants Marshall Mitchell, M. Adrian King, Holy Smoke Investment Group LLC, and Cheyney Lincoln Partners LLC (collectively "Defendants"), and avers as follows:

## INTRODUCTION

1. This action arises from Defendants' solicitation and acceptance of a $100,000 investment from Plaintiff in connection with a purported cannabis cultivation and development venture in Colorado.

2. Defendants represented to Plaintiff that they were raising capital for a legitimate investment opportunity involving a licensed cannabis cultivation enterprise in Colorado that would be operated through or in connection with entities including Holy Smoke Investment Group LLC and Cheyney Lincoln Partners LLC.

3. Defendants provided Plaintiff with written investment materials and representations promoting the opportunity as a high-value and expanding cannabis cultivation business with existing licenses, assets, and substantial projected revenues.

4. Plaintiff was also provided with a written investment letter dated July 20, 2022, offering him the opportunity to invest $100,000 in Holy Smoke Investment Group LLC for working capital.

5. The letter represented that Plaintiff would receive $150,000 three years from the date of his investment or alternatively the right to convert the investment into a special class of equity shares in Holy Smoke Investment Group LLC.

6. Relying upon these representations, Plaintiff invested $100,000.

7. Since receiving Plaintiff's funds, Defendants have failed to provide the promised return, failed to provide equity in the venture, and failed to provide meaningful information regarding the use or status of Plaintiff's investment.

8. Plaintiff has received no repayment, no financial accounting, and no documentation establishing ownership or investor rights.

9. Plaintiff has since learned that multiple individuals in the Philadelphia region—including ministers and members of local religious communities—were solicited to invest in the same purported opportunity.

10. Upon information and belief, numerous such investors have likewise not been repaid, while certain individuals who demanded repayment or threatened legal action were selectively repaid by Defendant Mitchell.

11. Defendants' conduct constitutes fraud, breach of contract, violations of federal securities laws, unjust enrichment, conversion, and other unlawful conduct.

**THE PARTIES**

12. Plaintiff Darron McKinney, Sr. is an adult individual residing at 4345 Trophy Drive, Upper Chichester, Pennsylvania 19061.

13. Defendant Marshall Mitchell is an adult individual residing at 337 N. Salford Street, No. 2, Philadelphia, Pennsylvania 19139.

14. Mitchell was a principal promoter of the cannabis investment venture described herein and personally solicited Plaintiff's investment.

15. Upon information and belief, Mitchell received, controlled, directed, or benefitted from Plaintiff's $100,000 investment.

16. Defendant M. Adrian King is an adult individual residing at 2707 Kinsington Circle, Weston, Florida 33332.

17. King represented himself as the President of Holy Smoke Investment Group LLC and signed the written investment letter provided to Plaintiff.

18. Defendant Holy Smoke Investment Group, LLC is a limited liability company with an address of 2707 Kinsington Circle, Weston, Florida 33332.

19. Holy Smoke Investment Group LLC was presented to Plaintiff as the entity through which investors would provide capital for the cannabis cultivation venture.

20. Defendant Cheyney Lincoln Partners LLC is a Colorado business entity located at 7571 Vanessa Drive, Pueblo, Colorado 81005.

21. Cheyney Lincoln Partners LLC was promoted in the investment prospectus as the entity that had acquired a licensed cannabis cultivation enterprise known as Green Farmers.

22. The prospectus identified Cheyney Lincoln Partners LLC as the vehicle through which investors could participate in the Colorado cannabis opportunity.

23. Upon information and belief, Mitchell and King were principals, promoters, managers, or controlling persons of one or more of the Defendant entities involved in this venture.

## JURISDICTION & VENUE

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal securities laws, including Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.

25. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

26. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims occurred within the Eastern District of Pennsylvania.

27. Defendant Mitchell resides in this District.

28. Plaintiff was solicited within this District.

29. Plaintiff executed the investment documents and transmitted his investment funds from Pennsylvania.

30. Defendants purposefully directed their investment solicitation activities toward individuals residing in this District.

31. Accordingly, this Court has personal jurisdiction over all Defendants.

## FACTUAL BACKGROUND

### The Cannabis Investment Opportunity

32. In or around 2022, Defendants began soliciting investments for a cannabis cultivation enterprise in Colorado.

33. The venture was described as an opportunity to invest in a licensed cannabis cultivation business operating in Pueblo County, Colorado.

34. Defendants provided investors with a written prospectus describing the acquisition and operation of a Colorado cannabis business known as Green Farmers.

35. The prospectus represented that Cheyney Lincoln Partners LLC had acquired all issued and outstanding shares of Green Farmers Inc., including a Colorado state cannabis license and associated operating assets.

36. The materials further represented that the enterprise possessed substantial strategic advantages, including existing licenses, operational infrastructure, proprietary cannabis strains, and expansion plans.

37. The prospectus also contained financial projections indicating anticipated revenue growth and substantial future profits from cannabis cultivation and product sales.

38. These materials were provided to Plaintiff and other prospective investors in order to induce them to invest.

**The Holy Smoke Investment Offer**

39. On July 20, 2022, Plaintiff received a written letter from Holy Smoke Investment Group LLC offering him the opportunity to invest $100,000 in the venture.

40. The letter stated that Plaintiff's investment would entitle him to receive $150,000 three years from the date of investment.

41. The letter alternatively offered Plaintiff the option to convert the investment into a special class of shares in Holy Smoke Investment Group LLC.

42. The letter was signed by M. Adrian King as President of Holy Smoke Investment Group LLC.

43. Plaintiff accepted the offer and executed the investment agreement on July 26, 2022.

**Plaintiff's $100,000 Investment**

44. In reliance upon the representations made by Defendants, Plaintiff invested $100,000.

45. Plaintiff paid the investment funds to Marshall Mitchell, who represented that he was acting on behalf of the venture.

46. Plaintiff reasonably believed his funds would be used to support the cannabis cultivation enterprise described in the investment materials.

47. Plaintiff expected to receive either the promised $150,000 return or equity ownership in the venture.

**Defendants' Failure to Repay or Provide Information**

48. After receiving Plaintiff's funds, Defendants ceased providing meaningful information regarding the status of the investment.

49. Plaintiff did not receive documentation confirming any ownership interest in the venture.

50. Plaintiff did not receive any financial statements, investor reports, or accounting of how his funds were used.

51. Plaintiff did not receive the promised $150,000 return.

52. Plaintiff has not received repayment of his $100,000 principal investment.

53. Plaintiff has since learned that multiple individuals in the Philadelphia region were solicited to invest in the same purported opportunity.

54. Several investors reportedly have not received repayment.

55. Upon information and belief, certain investors who demanded repayment or threatened legal action were selectively repaid by Defendant Mitchell.

56. Plaintiff has not received such repayment.

57. Defendants have unjustly retained Plaintiff's funds.

**COUNT I**
**Violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5**
**15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5**
**(Against All Defendants)**

58. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

59. The investment that Defendants offered and sold to Plaintiff constituted a "security" within the meaning of federal securities law, including but not limited to an investment contract, because Plaintiff invested money in a common enterprise with the expectation of profits to be derived from the managerial and entrepreneurial efforts of Defendants.

60. Specifically, Plaintiff was solicited to invest $100,000 in a purported cannabis cultivation and development venture and was promised either: (a) a return of $150,000 three years after his investment, or (b) the opportunity to convert that amount into a special class of shares in Holy Smoke Investment Group LLC.

61. The promised return and/or equity interest depended entirely upon Defendants' efforts in allegedly acquiring, operating, managing, and growing the Colorado cannabis enterprise described in the promotional materials.

62. In connection with the offer, purchase, and sale of this security, Defendants, by use of the means and instrumentalities of interstate commerce, the mails, and interstate communications, directly and indirectly employed a scheme to defraud Plaintiff.

63. Defendants made material misrepresentations and omissions of fact, including but not limited to representations that:

a. Plaintiff's funds would be invested in a legitimate cannabis cultivation enterprise in Colorado;

b. Cheyney Lincoln Partners LLC had acquired and controlled a licensed cannabis operation known as Green Farmers;

c. the enterprise possessed a valid and clean cannabis cultivation license, operating assets, inventory, and a realistic plan for profitable expansion; and

d. Plaintiff would receive the promised return or equity interest if he invested.

64. Defendants omitted material facts necessary to make the statements made not misleading, including but not limited to the true use of investor funds, whether Plaintiff's investment would actually be used in the venture described, whether the investment structure was valid and documented, whether prior investors had received or failed to receive returns, and whether Defendants had the present ability or intent to honor the promises made to Plaintiff.

65. The foregoing misrepresentations and omissions were material because a reasonable investor would consider them important in deciding whether to invest $100,000.

66. Defendants knew the statements were false when made, or acted with reckless disregard for whether they were true or false.

67. Defendants intended that Plaintiff rely on those statements and omissions in deciding whether to invest.

68. Plaintiff did, in fact, rely upon Defendants' representations and omissions in deciding to invest $100,000.

69. Plaintiff's reliance was reasonable and justified under the circumstances, including because Defendants used written investment materials, identified management personnel, described specific operational assets and projections, and presented the transaction as a legitimate and structured investment opportunity.

70. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff suffered damages, including but not limited to the loss of his $100,000 investment, loss of the promised return, lost opportunity costs, and other consequential damages in an amount to be proven at trial.

71. Defendants' conduct was knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally where applicable, for compensatory damages, interest, costs, attorneys' fees where permitted, and such further relief as the Court deems just and proper.

**COUNT II**
**Breach of Contract (Against Holy Smoke Investment Group LLC)**

72. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

73. On or about July 20, 2022, Holy Smoke Investment Group LLC, by and through its President, M. Adrian King, made a written offer to Plaintiff to invest $100,000 in Holy Smoke Investment Group LLC "for working capital."

74. The written agreement provided that, in exchange for Plaintiff's $100,000 investment, Plaintiff would either:

a. receive $150,000 "on a date three years from the date of [his] initial investment," which represented the promised "up stamp" on his investment; or

b. be afforded the option to convert the amount into a special class of shares in Holy Smoke Investment Group LLC.

75. Plaintiff accepted the offer on or about July 26, 2022 and fully performed his obligations by tendering the full $100,000 investment.

76. A valid and enforceable contract therefore existed between Plaintiff and Holy Smoke Investment Group LLC.

77. Plaintiff has fully performed all material obligations required of him under the contract, or such obligations have been excused.

78. Holy Smoke materially breached the contract by, among other things:

a. failing to pay Plaintiff the promised $150,000 return within the agreed time;

b. failing to provide Plaintiff with a special class of shares or any equivalent equity interest;

c. failing to provide Plaintiff with documentation, disclosures, or records reflecting his investor status;

d. failing to account for the funds Plaintiff tendered; and

e. failing to act in good faith and fair dealing with respect to Plaintiff's investment.

79. As a direct and proximate result of Holy Smoke's breach, Plaintiff has suffered damages, including the contractual amount due under the agreement, together with interest and such consequential damages as are recoverable under applicable law.

WHEREFORE, Plaintiff demands judgment against Defendant Holy Smoke Investment Group LLC for compensatory damages, interest, costs, and such other relief as the Court deems just and proper.

**COUNT III**

**Common Law Fraud / Fraudulent Inducement (Against All Defendants)**

80. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

81. Under Pennsylvania law, the elements of fraud are: (a) a representation; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (d) with the intent of misleading another into relying on it; (e) justifiable reliance on the misrepresentation; and (f) resulting injury proximately caused by the reliance.

82. Defendants made representations to Plaintiff concerning the nature, legitimacy, ownership, structure, and expected profitability of the cannabis venture, including that

Plaintiff's funds would be used in connection with a bona fide Colorado cannabis business opportunity tied to Cheyney Lincoln Partners LLC and Green Farmers.

83. Defendants also represented that Plaintiff's $100,000 investment would yield a return of $150,000 in three years, or that Plaintiff would receive a special class of shares in Holy Smoke Investment Group LLC.

84. Those representations were material to the transaction because they went to the very essence of the investment opportunity, the security of Plaintiff's principal, the expected return, the existence of enterprise value, and the structure of the investment itself.

85. Defendants made those representations falsely, with knowledge of their falsity, or with reckless disregard for whether they were true or false.

86. At the time the representations were made, Defendants knew or should have known that Plaintiff's funds would not be handled, documented, or repaid in the manner represented, or that the representations being made lacked a reasonable factual basis.

87. Defendants intended to mislead Plaintiff into relying on those statements and to induce him to part with $100,000.

88. Plaintiff did, in fact, rely upon Defendants' representations in deciding to invest.

89. Plaintiff's reliance was justified because Defendants used written investment documents, promotional materials, management biographies, financial projections, and described operating assets and opportunities in a manner designed to convey legitimacy and induce confidence.

90. As a direct and proximate result of Defendants' fraudulent inducement, Plaintiff invested $100,000 and has not recovered his principal, his promised return, or any meaningful benefit of the bargain.

91. Plaintiff has therefore suffered actual damages, consequential damages, and other losses in an amount to be proven at trial.

92. Defendants' conduct was intentional, outrageous, and undertaken with conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages under Pennsylvania law.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, punitive damages, interest, costs, attorneys' fees where permitted, and such further relief as the Court deems just and proper.

**COUNT IV**
**Negligent Misrepresentation (Against All Defendants, in the Alternative)**

93. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

94. Under Pennsylvania law, the elements of negligent misrepresentation are: (a) a misrepresentation of a material fact; (b) made under circumstances in which the misrepresenter ought to have known its falsity; (c) with an intent to induce another to act on it; and (d) which results in injury to a party acting in justifiable reliance on the misrepresentation.

95. In the alternative to Plaintiff's fraud claim, Defendants supplied false information to Plaintiff in the course of soliciting his investment.

96. Defendants represented that Plaintiff's funds would be invested in a real, active, and valuable cannabis cultivation business and that Plaintiff would receive the promised return or equity position.

97. Those representations concerned material facts.

98. Even if Defendants did not knowingly make false statements, they made those statements under circumstances in which they should have known their falsity.

99. Defendants failed to exercise reasonable care or competence in obtaining, communicating, or verifying the truth of the information they provided to Plaintiff.

100. Defendants intended that Plaintiff rely on those statements in deciding whether to invest.

101. Plaintiff justifiably relied upon those statements.

102. As a direct and proximate result of such reliance, Plaintiff suffered damages, including but not limited to the loss of his $100,000 investment and the loss of the promised financial return.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, interest, costs, attorneys' fees where permitted, and such further relief as the Court deems just and proper.

**COUNT V**
**Unjust Enrichment (Against All Defendants, in the Alternative)**

103. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

104. Under Pennsylvania law, the elements of unjust enrichment are: (a) benefits conferred on defendant by plaintiff; (b) appreciation of such benefits by defendant; and (c) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.

105. Plaintiff conferred a benefit upon Defendants by tendering $100,000 in reliance on Defendants' investment representations.

106. Defendants knowingly received, accepted, controlled, used, or otherwise benefitted from Plaintiff's money.

107. Defendants appreciated the benefit because the investment funds were solicited intentionally and accepted as part of the venture Defendants were promoting.

108. Defendants retained the benefit of Plaintiff's $100,000 under circumstances that make such retention inequitable because Plaintiff received neither the promised return, nor equity, nor a repayment of principal, nor a meaningful accounting of the use of his funds.

109. It would be unjust for Defendants to retain Plaintiff's funds without restitution.

WHEREFORE, Plaintiff demands judgment against all Defendants for restitution, disgorgement, interest, costs, attorneys' fees where permitted, and such further relief as the Court deems just and proper.

**COUNT VI**
**Conversion (Against All Defendants)**

110. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

111. Under Pennsylvania law, conversion is the deprivation of another's right of property in, or use or possession of, chattel, or other interference therewith, without the owner's consent and without lawful justification.

112. Plaintiff had a property interest in the $100,000 he paid to Defendants.

113. Defendants exercised dominion or control over Plaintiff's funds in a manner inconsistent with Plaintiff's ownership and rights.

114. Defendants' conduct deprived Plaintiff of the use and possession of his money.

115. Defendants lacked lawful justification to retain Plaintiff's money after failing to provide the promised return, equity, or other contracted-for benefit.

116. Plaintiff did not consent to Defendants' retention or diversion of his funds for purposes outside the represented investment, nor did Plaintiff consent to the indefinite withholding of his money without return or accounting.

117. As a direct and proximate result of Defendants' conversion, Plaintiff suffered damages, including the loss of his $100,000 and related consequential losses.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, interest, costs, attorneys' fees where permitted, and such further relief as the Court deems just and proper.

**COUNT VII**
**Violation of the Pennsylvania Securities Act of 1972**
**70 P.S. §§ 1-401, 1-501(a), and 1-503(a)**
**(Against All Defendants)**

118. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

119. The investment interest sold to Plaintiff constituted a “security” within the meaning of the Pennsylvania Securities Act, including but not limited to an investment contract, evidence of indebtedness, or profit-sharing arrangement.

120. Defendants offered and sold that security to Plaintiff in or into Pennsylvania.

121. Plaintiff was a purchaser of that security.

122. In connection with the offer and sale of that security, Defendants made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

123. Those untrue statements and omissions included, without limitation, the representations concerning the existence, ownership, value, and operations of the cannabis venture, the intended use of investor funds, and Plaintiff’s entitlement to a fixed return or equity interest.

124. On information and belief, the security offered and sold to Plaintiff was not properly registered under Pennsylvania law, and the transaction was not lawfully exempt in the manner represented or required.

125. Plaintiff did not know, and in the exercise of reasonable care could not have known, of the untruths and omissions at the time he made the investment.

126. By reason of the foregoing, the persons who offered or sold the security to Plaintiff are liable pursuant to 70 P.S. § 1-501(a), and those Defendants who qualify as affiliates, principal executive officers, persons occupying similar status or performing similar functions, or persons who materially aided the transaction are jointly and severally liable to the extent provided by 70 P.S. § 1-503(a).

WHEREFORE, Plaintiff demands judgment against Defendants as permitted by the Pennsylvania Securities Act, including recovery of the consideration paid for the security together with interest at the legal rate, less any income or distributions received, upon tender as provided by statute, or damages if applicable, together with costs, reasonable attorneys' fees as authorized by law, and such other relief as the Court deems appropriate.

**COUNT VIII**
**Civil Conspiracy (Against All Defendants)**

127. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

128. Under Pennsylvania law, the elements of civil conspiracy are: (a) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means; (b) an overt act done in pursuance of the common purpose; and (c) actual legal damage.

129. Defendants combined and agreed among themselves to solicit funds from Plaintiff and other investors through materially misleading statements, omissions, and deceptive practices.

130. The unlawful acts or unlawful means included, without limitation, fraud, deceptive securities solicitation, misappropriation or misuse of investor funds, and concealment of the true nature and status of the investment opportunity.

131. Defendants committed overt acts in furtherance of the conspiracy, including but not limited to preparing or circulating the prospectus, issuing the written investment letter, soliciting Plaintiff's money, receiving the funds, and failing to provide the promised return, equity, or information after the investment was made.

132. Defendants acted with malice in the sense required under Pennsylvania law, because their conduct was intentional and designed to injure Plaintiff financially and enrich Defendants at Plaintiff's expense.

133. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered actual legal damage, including the loss of his $100,000 and related financial harm.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, punitive damages where permitted, interest, costs, attorneys' fees where permitted, and such further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally where applicable, and award:

A. Compensatory damages in an amount not less than $100,000;

B. Alternatively, contractual damages of $150,000 pursuant to the investment agreement;

C. Rescission and restitution under the Pennsylvania Securities Act;

D. Punitive damages on those claims where permitted by law;

E. Pre-judgment and post-judgment interest;

F. Attorneys' fees and litigation costs as permitted by statute;

G. An accounting of investor funds;

H. Disgorgement of any funds wrongfully obtained from Plaintiff;

I. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 18, 2026

BY: /s/ Michael A. Bowman

Michael A. Bowman, Esquire
BOWMAN LLC
4900 S. Broad Street, Suite 120
Philadelphia, PA 19112
ID: 81762
(215) 275-2338
mbowman@bowmanllc.net
Attorney for Plaintiff